Michael S. Agruss (SBN: 259567)
Krohn & Moss, Ltd.
10 N. Dearborn Street, 3rd Floor
Chicago, IL 60602
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiffs,
SANDRA NORWOOD and
DON NORWOOD

**UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
SACRAMENTO DIVISION**

| | |
|---|---|
| SANDRA NORWOOD and DON NORWOOD,<br><br>     Plaintiffs,<br><br>     v.<br><br>GC SERVICES, LP,<br><br>     Defendant. | )<br>)<br>)<br>) **Case No.:**<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' COMPLAINT**

Plaintiffs, SANDRA NORWOOD and DON NORWOOD (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., allege the following against Defendant, GC SERVICES, LP, (Defendant):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiffs' Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

- 1 -

PLAINTIFFS' COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiffs are a natural persons residing in Shingletown, Shasta County, California.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiffs.

9. Defendant is a collection agency with a business office in Houston, Texas.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. As part of its daily running of business, Defendant maintains detailed account listings regarding the activity that takes place on each of the accounts that it is performing collection services.

12. Defendant's activities such as telephone calls, telephone conversations and written correspondence regarding an account are recorded in detail in the account listing.

13. Defendant's detailed account listings are created and maintained in the regular course of business.

14. The entries into the detailed account listings are made contemporaneously with the

events they memorialize.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Defendant's employee, Bill Catlett, communicated with Plaintiffs in an attempt to collect a debt.

18. Defendant's employee, Tiffany Won, communicated with Plaintiffs in an attempt to collect a debt.

19. Defendant's employee, Bill Catlett, was working within the scope of his employment when he communicated with Plaintiffs in an attempt to collect a debt.

20. Defendant's employee, Tiffany Won, was working within the scope of her employment when she communicated with Plaintiffs in an attempt to collect a debt.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, USAA, with an account number ending in 1277, Defendant's file number 2818457.

22. Plaintiff's alleged debt owed to USAA arises from transactions for personal, family, and household purposes.

23. In the beginning of October of 2011, USAA placed an unpaid, outstanding account balance with Defendant for collection purposes.

24. At the time of placement, the approximate account balance was $13,631.10.

25. Starting in October of 2011, Defendant began placing collection calls to Plaintiffs in an attempt to collect a debt owed to USAA.

26. Defendant called Plaintiffs at home (530-474-39xx) in an attempt to a collect a debt owed to USAA.

PLAINTIFFS' COMPLAINT

27. Defendant called Plaintiff, DON NORWOOD, on Plaintiff's work cellular phone (530-624-72xx) in an attempt to a collect a debt owed to USAA.

28. Defendant called Plaintiff, DON NORWOOD, on Plaintiff's work phone (530-528-3572) in an attempt to a collect a debt owed to USAA.

29. On or about October 15, 2011, Plaintiff, SANDRA NORWOOD, called Defendant's employee, Bill Catlett, and left Bill Catlett a message requesting Bill Catlett stop calling Plaintiff, DON NORWOOD, on Plaintiff's work phone and on Plaintiff's work cellular phone.

30. Plaintiff, DON NORWOOD, works at Rolling Hills Casino as a heating, air conditioning, and maintenance supervisor.

31. Plaintiff, DON NORWOOD, is not allowed to receive collection calls at Plaintiff's place of employment or on Plaintiff's work cellular phone.

32. Plaintiff, DON NORWOOD, is only allowed to receive emergency telephone calls at work or on Plaintiff's work cellular phone.

33. Despite Plaintiff's, SANDRA NORWOOD's, request on or about October 15, 2011, Defendant continues to call Plaintiff, DON NORWOOD, on Plaintiff's work cellular phone and on Plaintiff's work phone in an attempt to collect a debt.

34. Defendant's employee, Bill Catlett, left a voicemail message for Plaintiffs, in an attempt to collect a debt, that failed to meaningfully disclose the caller's identity. *See* Defendant's transcribed voicemail messages attached as Exhibit A.

35. Defendant's employee, Bill Catlett, left a voicemail message for Plaintiffs, in an attempt to collect a debt, that failed to state the communication was from a debt collector. *See* Exhibit A.

36. Defendant's employee, Tiffany Won, left a voicemail message for Plaintiffs, in an attempt to collect a debt, that failed to meaningfully disclose the caller's identity. *See*

Defendant's transcribed voicemail messages attached as Exhibit A.

37. Defendant's employee, Tiffany Won, left a voicemail message for Plaintiffs, in an attempt to collect a debt, that failed to state the communication was from a debt collector. *See* Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff, DON NORWOOD, in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

   b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff, DON NORWOOD, at Plaintiff's place of employment even though Defendant knows Plaintiff's employer prohibits Plaintiff from receiving such communications.

   c. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiffs in connection with the collection of an alleged debt.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   e. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

   g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiffs, SANDRA NORWOOD and DON NORWOOD, respectfully request judgment be entered against Defendant, GC SERVICES, LP, for the following:

39. Statutory damages of $1000.00 for each Plaintiff pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*.

41. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiffs repeat and reallege all of the allegations in Count I of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

43. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without disclosure of the caller's identity.

    b. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiffs, SANDRA NORWOOD and DON NORWOOD, respectfully request judgment be entered against Defendant, GC SERVICES, LP, for the following:

44. Statutory damages of $1000.00 for each Plaintiff pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

45. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

46. Any other relief that this Honorable Court deems appropriate.

1

2  DATED: November 15, 2011

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                          RESPECTFULLY SUBMITTED,

                          KROHN & MOSS, LTD.

                    By: /s/   Michael S. Agruss

                        Michael S. Agruss
                        Attorney for Plaintiffs

PLAINTIFFS' COMPLAINT

# **EXHIBIT A**

PLAINTIFFS' COMPLAINT